**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | ) **CRIM NO. 21-CR-126-BAH** |
| **TROY FAULKNER,** | ) **Judge: Howell** |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S RESPONSE TO THE COURT'S MINUTE
ORDER OF AUGUST 3, 2022**

COMES NOW Defendant Troy Faulkner, through counsel, and responds to

the court's minute order of August 3, 2022, regarding the public availability of photo

and video evidence.

1.      On August 3, 2022, this Honorable Court issued a minute order to the

parties directing:

> the government, by 4PM on August 4, 2022, to (1) submit a report
> describing the source, length and location depicted for all photo and
> video evidence relied upon as support for the Statement of Offense
> filed in connection with defendant's plea agreement; (2) make such
> photo and video evidence available for the Court's review; and
> FURTHER DIRECTING the parties to provide their positions
> whether this photo and video evidence may be made publicly
> available without restriction.

2.      On August 4, 2022, the government provided copies of five photos and

one video to the defense which the government planned to submit as part of its

1

evidence in support of its case. The exhibits were identified as follows:

1. Exhibit 1_Photo 677864269575156.jpg
2. Exhibit 2_Photo 695705341128021.jpg
3. Exhibit 3_Photo 1141597822925298.jpg
4. Exhibit 4_Photo 3451662574960808.jpg
5. Exhibit 5_Photo 4855348921206774.jpg
6. Exhibit 6_FAULKNER video.mp4

3.      Prior to the government's submission of exhibits, the government and defense counsel conferred with each other, and the defense originally indicated to the government that it had no objection to any of the exhibits. The government's pleading in response to the minute order indicated that Mr. Faulkner had no objection, which was correct at the time.

4.      After the submission, in retrospect, it occurred to the defense that some of the exhibits have Mr. Faulkner's personal information, namely his phone number, visible in some of the exhibits. As the court may recall, on the date of the incident, Mr. Faulkner was wearing a jacket in which the phone number of his own paint company was embroidered on the back of the jacket. Accordingly, upon further reflection, the defense would now object to the release of both Exhibit 5 and Exhibit 6 as submitted by the government, as these exhibits display Mr. Faulkner's phone number which, if released to the public in an unredacted form, may lead to unwanted and unfair harassment of Mr. Faulkner from the public.

5.      Accordingly, at this time, the defense respectfully changes its position and objects to two exhibits. The defense still has no objection to the release of Exhibits 1, 2, and 3. While Exhibit 4 shows the back of Mr. Faulkner's jacket, most of the numbers of the phone number have been redacted, and therefore the defense has no objection to that exhibit.[1] However, the defense now objects to Exhibit 5, because, while blurry, still shows the full phone number and should therefore be excluded in its current format. Similarly, the defense objects to Exhibit 6, which is a video, as it has certain portions in which Mr. Faulkner's phone number is clearly displayed, and therefore those portions of the video should be redacted.

6.      In anticipation of the plea hearing, undersigned counsel has prepared redacted version of Exhibits 5 and 6 so as to remove the objectionable portions. With regard to Exhibit 5, the defense has blacked out the phone number on the back of the Mr. Faulkner's jacket from the picture. This redacted exhibit is being submitted by the defense as Exhibit 5A, and is entitled *Exhibit 5A_Photo 4855348921206774 Redacted*. As to Exhibit 6, the defense has removed the video portions where the phone number on Mr. Faulkner's jacket can be seen. The defense has done this by blacking out portions of the 1 minute and 8 second video at the following

---

1 Upon information and belief, this picture was previously released to the public by the media, but the publisher redacted the last seven digits of the phone number, presumably for the same purpose of protecting Mr. Faulkner's privacy.

approximate seconds: a) 0:07.5 to 0.22.6; b) 0:43.7 to 0:46.9; and c) 0:53.7 to 0:58.2.

The audio, however, remains intact and unredacted. This redacted exhibit is being

submitted by the defense as Exhibit 6A, and is entitled *Exhibit 6A - FAULKNER*

*Video Redacted.*[2] These two new exhibits, 5A and 6A, are being provided to the

court and to government counsel simultaneously with the filing of this pleading.

       7.      Mr. Faulkner would respectfully argue that these portions are not

necessary for the purposes of establishing the government's case and evidence. The

damage that Mr. Faulkner did to the window was while his back was to the window,

and the back of his jacket is not visible. Accordingly, the relevant portions showing

Mr. Faulkner's crime are clearly visible in the remaining portions. The defense has

no objection in the court reviewing the original exhibits themselves without

redaction; it only objects to the release of the unredacted videos to the public for the

privacy reasons described above. Obviously, the defense has no objection to the

release of Exhibits 5 and 6 as redacted by the defense, namely Exhibits 5A and 6A.

       WHEREFORE, for the reasons described above, the defense objects to the

public release of government Exhibits 5 and 6, but it does not object to the release

---

2 If the court wishes, undersigned counsel can submit a different redacted version of the video exhibit if the court
prefers. The defense can redact the video exhibit so that a) the redacted portions are removed in their entirety, so that
the clips play one right after the other (with the accompanying audio removed); or b) the portions that have a
redacted black screen can have the word "REDACTED" added on top of the black screen while the audio remains in
place. Undersigned counsel can create one of these two alternatives with a quick turnaround time if needed.

of either Exhibits 1 through 4 or to Exhibits 5A and 6A as provided by the defense.

Respectfully submitted,

TROY FAULKNER
By Counsel

/s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Troy Faulkner
503 D Street, N.W., Suite 310
Washington, DC 20001
Phone: (703) 989-0840
E-mail: johnlmachado@gmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 5th day of August, 2022, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Troy Elbert Faulkner
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com